IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BOBBY WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. _____ |
| ) | |
| TURNER ASSOCIATES, ARCHITECTS ) | |
| & PLANNERS, INC., a domestic ) | |
| corporation, and OSCAR HARRIS, ) | |
| individually, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Bobby Whitaker ("Plaintiff"), was an employee of Defendants, Turner Associates Architects & Planners, Inc., and Oscar Harris (collectively "Defendants") and brings this action for unpaid overtime wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Mr. Whitaker was an accountant and performed other related duties for Defendants in Fulton County, Georgia as an employee from January 1, 2000 through December 15, 2009. Subsequently, Plaintiff served as a consultant for Defendant until February 2010.

1.  Defendant Turner Associates Architects & Planners, Inc. is a Georgia corporation that operates and conducts business in, among others, Cobb County, Georgia, and is therefore, within the jurisdiction of this Court.

2. Defendant Oscar Harris is an adult resident citizen of Georgia, who owns and operates Turner Associates Architects & Planners, Inc., and regularly exercises the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised that authority on behalf of Turner Associates, Inc., Mr. Harris is an employer as defined by 29 U.S.C. § 201 *et. seq.*

3. This action is brought under the FLSA to recover from Defendants overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

4. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 and the FLSA.

5. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6. Based upon information and belief, Defendants currently and at all material times are an enterprise as defined by 29 U.S.C. § 203(r) and (s), as it is believed that Defendants have an annual business dollar volume of at least $500,000.

7. Defendants are engaged in interstate commerce.

8. Defendants have two or more employees of their enterprise individually engaged in commerce or otherwise individually meet the traditional test of individual coverage.

9. Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce.

10. Defendants refused to properly pay Plaintiff for all hours worked.

11. At all times relevant to this action, Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for each hour worked during his employment with the Defendants.

12. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for each hour worked over forty per workweek during his employment with the Defendants.

13. In addition, Plaintiff never received payment for his accrued vacation at the conclusion of his employment with the Defendants.

14. In November of 2009, Plaintiff and Defendant entered into a Consulting Agreement effective December 16, 2009.  (Consulting Agreement attached hereto as Exhibit A).

15. The consulting agreement provided Plaintiff would be compensated $55.00 per hour for accounting services rendered to Defendant.

16. On February 7, 2010, Plaintiff submitted his last invoice to Defendants, Invoice No. 2010-10, in the amount of $660.00. (Invoice No. 2010-10, attached hereto as Exhibit B).

17. Despite repeated demands for payment, Invoice No. 2010-10 has not been paid.

18. Defendants have willfully refused to properly pay plaintiff for all of his hours worked.

19. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked, the pay Plaintiff earned, and the amounts actually paid to Plaintiff are in the possession, custody, or control of Defendants.

COUNT ONE:
RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-12, above.

21. Plaintiff was entitled to be paid overtime compensation at one and one-half times his regular rate of pay for each hour worked in excess of forty (40) per workweek.

22. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same, as he was mischaracterized as exempt from the overtime provisions of the FLSA.

4

23. Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay for overtime hours that he worked, in violation of the FLSA.

24. Upon information and belief, Defendants' failure to properly compensate Plaintiff for his overtime hours worked was intentional, willful and/or reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## COUNT TWO:
## BREACH OF EMPLOYMENT CONTRACT

25. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

26. During the time Plaintiff worked as an employee of Defendant he earned vacation pay, that upon information and belief accrued and was vested each month.

27. Upon the termination of Plaintiff's employment on December 15, 2010, upon information and belief, Plaintiff had earned 301.58 hours of unused vacation.

28. The full amount of vacation earned by Plaintiff had vested and was owed to him at the conclusion of his employment with Defendant.

29. Upon information and belief, Plaintiff is owed $8,390.11 in unused vacation pay that remains unpaid as of the filing of this complaint.

30. Plaintiff has demanded payment of said amount from Defendant; however, Defendant has failed to remit payment to Plaintiff.

31. Plaintiff agreed to work for Defendant under the aforesaid terms and conditions, and he relied upon same in his decisions to enter into Defendant's employ.

32. Notwithstanding this agreement, Defendants failed to pay Plaintiff his accrued, unused vacation in the amount of $8,390.11 constituting a breach of the employer/employee agreement.

### COUNT THREE:
### BREACH OF CONSULTANT CONTRACT

33. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

34. Plaintiff started work as a consultant for Defendant on December 16, 2010.

35. Defendant agreed to pay Plaintiff $660.00 for contract work performed by Plaintiff.  (See Ex. A).

36. From January 31, 2010 through February 6, 2010, Plaintiff performed 12 hours of work for Defendant pursuant to the consulting agreement.

37. On February 7, 2010, Plaintiff submitted Invoice No. 2010-10 in the amount of $660.00, for work performed by Plaintiff. (See Ex. B).

38. Plaintiff agreed to work for Defendants under the aforesaid terms and conditions, and he relied upon same in his decisions to enter into the consulting agreement with Defendant.

39. Plaintiff worked 12 hours for which he was not paid.

40. Notwithstanding this agreement, Defendants failed to compensate Plaintiff the $55.00 per hour, as agreed.

41. Notwithstanding this agreement, Defendant failed to pay Plaintiff $660.00 for services rendered, constituting a breach of said agreement.

## DAMAGES AND REQUESTED RELIEF

42. As a result of Defendants' intentional, willful, and/or reckless failure to lawfully compensate Plaintiff for hours he worked, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

43. As a result of Defendants' intentional, willful, and/or reckless violation(s) of the FLSA, Plaintiff is entitled to liquidated damages from Defendants.

44. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff hereby seeks judgment against Defendants ordering payment of all unpaid overtime wages found to be due and owing, payment of all

vested vacation benefits owed at Plaintiff's termination, payment of damages caused by Defendant's breach of the consultant agreement, pre-judgment and post-judgment interest where applicable, payment of liquidated damages, payment of reasonable attorneys' fees and costs incurred as a result of this litigation, declaratory relief, and such further relief as this Honorable Court may deem to be just and proper.

        Respectfully submitted,

        MORGAN & MORGAN, PA

        s/ Jennifer M. Bermel
        Jennifer M. Bermel, #794231
        2600 One Commerce Square
        Memphis, Tennessee 38103
        Tel: (901) 217-7000
        Fax: (901) 333-1871
        Email: jbermel@forthepeople.com

Dated: August 3, 2010